## Court of Appeals.

March 27, 1900.

## PEOPLE v. WILSON E. PAGE.

1. CRIMINAL LAW—RAPE—CORROBORATION.

Upon the trial of an indictment for rape, the defendant could not be convicted upon the testimony of the girl "unsupported by other evidence."

2. SAME.

The corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the

guilt of the accused by connecting him with the crime. The corroboration must extend to every material fact essential to constitute the crime.

**3. SAME.**

A witness cannot generally be corroborated by proving declarations made out of court of the same facts testified to in court.

**4. SAME.**

In cases of rape disclosures made by the female within a reasonable time after the outrage, is not " other evidence " in support of her version of the affair within the meaning of the statute.

**5. SAME.**

An accused person is not bound to deny neighborhood gossip with respect to his guilt at the peril of furnishing by silence evidence against himself when on trial upon the charge.

**6. SAME.**

His admission to another witness that he had "insulted the girl," is not corroborative evidence when it does not appear when, where or how the insult was given.

**7. SAME.**

Whether there is any evidence of corroboration in such cases is a question of law for the court, and if the case is submitted to the jury without any legal proof in support of the charge, except that coming directly or indirectly from the complainant herself, a conviction cannot be upheld.

**8, SAME.**

It is incumbent upon the prosecution to prove beyond a reasonable doubt that the defendant violated the person of the girl without her consent, against her will and resistance.

APPEAL from a judgment of the appellate division of the supreme court in the third judicial department, affirming a judgment of the Otsego county court convicting the defendant of the crime of rape in the first degree, and an order denying a motion for a new trial.

Gibbs & Wilbur, for appellant.

Tilley & Blakely, for respondent.

O'BRIEN, J.—The defendant was convicted of the crime of rape committed upon the person of one Etta Hopkins on the 20th day of August, 1895. The complainant was then a girl sixteen years of age or over, and residing with the defendant,

who was her guardian.   The defendant, his wife and this girl constituted the family and they resided in the country upon a farm.   The alleged outrage upon the person of the girl was accomplished, according to her version of the affair, in a most extraordinary manner.   The substance of her statement is that on the day referred to, about four o'clock in the afternoon, while in the kitchen with her mistress, the defendant's wife, preparing supper, the defendant, in the presence of his wife, asked her to go with him into the next room and upon her refusal he seized her, dragged her into a small room called the sink room adjoining the kitchen, and with the door leading into the kitchen open and in the presence and hearing of his wife, violated her person notwithstanding her cries and the ut· most resistance upon her part.   The defendant and his wife were both sworn as witnesses and denied the transaction in general and in all the particulars.   The time, place and cir- cumstances attending the commission of the crime as stated by the complainant in her testimony invites attention and compel us to follow the subsequent conduct of the girl and her attitude towards the defendant and his wife.   The latter must, of course, have been an accomplice in the crime, if we assume that the version of the transaction given by the complainant is to be taken as true.

The complainant states that after the defendant had accom- plished his purpose he passed out of the small sink room through the open door into the kitchen, where the wife was during the commission of the crime.   If the statement of the girl is to be accepted, the participation of the wife in the out- rage is perfectly clear, since the former swears that during the struggle she called upon her several times to come to her assist· ance, and was told to " keep still."

The complainant then states that she remained in the small room after the defendant left her long enough to arrange her clothing, and then came out into the kitchen, where both the defendant and his wife were, and what occurred at this critical juncture can best be stated in her own words :  " When I came out I saw Mrs. Page sitting by the table in the kitchen ; I did not tell her what he had done ; I did not say a word to her

about it then; he told me I must not; when I came out and saw Mrs. Page sitting by the table in the kitchen Mr. Page was there; I did not say a word to Mrs. Page about what he had done." In the evening the girl left defendant's house and went to that of one of the neighbors, where she had formerly boarded. She remained there a few days, and then returned to the defendant's house, where she remained four months longer, and so far as appears no reference was made to the transaction until after she left about the end of the year, when another guardian was selected. While the girl was absent from the defendant's house during the few days after the alleged outrage, it appears that she made some disclosures to the woman in whose house in the neighborhood she was stopping, which will be noticed hereafter. The defendant could not have been convicted upon the testimony of the girl " unsupported by other evidence," since the statute so declares (Penal Code, § 283), and the only question presented by this appeal is whether there was any other evidence in the case tending to prove the crime. The rule in such cases is that the corroborative evidence, whether consisting of acts or admissions must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. Underhill on Criminal Ev. § 74. The corroboration must extend to every material fact essential to constitute the crime. People v. O'Sullivan, 104 N. Y. 481; People v. Kearney, 110 id. 188; People v. Plath, 100 id. 590 ; Kenyon v. People, 26 id. 203.

At the close of the case for the prosecution the defendant's counsel requested the court to advise the jury to acquit on the ground that the testimony of the prosecutrix was not corroborated. The motion was denied and an exception taken. All the testimony produced to corroborate the complainant was very fairly stated and summed up by the learned trial judge in his charge to the jury as follows: " For the purpose of corroborating the testimony of this girl, the people have called Mrs. McCulloch, who has given evidence tending to show that a short time after the alleged commission of this offense she had a conversation with the defendant, in which she stated to him in effect, as I remember it, that Etta Hopkins

had stated to her that he committed the crime of rape upon her and that she testifies that he did not deny it. It is also proved evidence is given tending to show upon the part of the people that a few days later, in conversation with Mr. Donaldson, the defendant said in his presence that he had insulted the girl. These circumstances which I have referred to are, as I remember it, *all of that evidence which has been adduced by the people, claimed by them tending to show the corroboration of the testimony of this girl.*" Mrs. McCulloch was the woman in whose house the girl remained during the few days after the alleged transaction and to whom it is claimed the girl made the disclosure of the assault upon her. It will be seen that the learned trial judge did not regard the statements of the girl out of court as corroborative of her testimony in court, and obviously in that he was correct. They were the mere declarations of the complainant and were no stronger than her testimony. A witness cannot generally be corroborated by proving declarations made out of court of the same facts testified to in court. In cases of rape disclosures made by the female within a reasonable time after the outrage are admissible as a part of the people's case, and the female may testify when and to whom made and the nature of the disclosure. But since the disclosure comes from the complainant herself, directly or indirectly, and depends wholly upon her veracity, it is not "other evidence" in support of her version of the affair within the meaning of the statute. The only significance which the learned trial judge gave to these disclosures was the fact that the defendant did not deny the statement when brought to his attention. So the question is this: A man is informed by a third person that a woman is circulating a story that he had committed rape upon her. He does not take the trouble to deny the story, and, according to the ruling in this case, his omission in that regard is evidence against him to prove that he is guilty of the crime charged. It seems to me that silence under such circumstances is no proof whatever. It might as well be said that a defendant who is charged in open court with the crime, but refuses to speak or plead, remaining silent, thereby furnishes proof of his guilt. So that even if it be true that the defendant remained

silent while Mrs. McCulloch told him that the complainant claimed that he had committed the crime of rape upon her, that circumstance did not furnish the slightest evidence against him or in the least corroborate the prosecutrix. It cannot be that there is any such anomaly in the criminal law as is involved in the proposition that an accused person, when charged with the offense in open court by indictment, may stand mute without prejudice to his innocence, while the same person is bound to deny neighborhood gossip with respect to his guilt at the peril of furnishing by silence evidence against himself when on trial upon the charge.

But the learned trial judge also reminded the jury, as we have seen, that the defendant had admitted to another witness that he had "insulted the girl." When, where or how the insult was given does not appear, and it is claimed that this vague statement without any identification of time, place or circumstances, is "other evidence" of guilt in addition to the testimony of the complainant. It needs no argument to prove that it is entirely possible for a man to insult a woman without committing or attempting or intending to commit the crime of rape. There is no necessary legal connection between an insult and a felony, and an admission of the former does not tend in the least to prove the commission of the latter. The learned trial judge did not hold that either of the two items of proof referred to, namely, the silence of the defendant or the admission of an insult, tended to prove the charge. He left it to the jury to decide whether it did or not. The following is the language of the charge on that point: "If the testimony which has been given tending to corroborate is not believed by you, or if you do not believe that it has the tendency to show the commission of the crime, the fact that the defendant committed the crime, it will be your duty to find a verdict of not guilty, because a conviction cannot be found upon the uncorroborated testimony of the girl." Whether there is any evidence of corroboration in such cases is a question of law for the court, and if the case is submitted to the jury without any legal proof in support of the charge, except that coming directly or indirectly from the complainant herself, a conviction cannot be upheld.

It was incumbent upon the prosecution to prove beyond a reasonable doubt that the defendant violated the person of the girl without her consent, against her will and resistance. People v. Dohring, 59 N. Y. 374; People v. Connor, 126 N. Y. 278. The testimony of the girl alone was not sufficient and there was no other legal evidence as we have seen. "No conviction can be had for * * * rape * * * upon the testimony of the female * * * unsupported by other evidence," is the mandate of the statute. There was no other evidence, and hence the conviction was in violation of the statute.

The judgment should be reversed and a new trial granted.

PARKER, Ch. J., and VANN, J., concur; BARTLETT and MARTIN, JJ., concur in result; HAIGHT, J., dissents; LANDON, J., not sitting.

Judgment reversed, etc.