THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL ROMANO, Appellant.— Judgment of the County Court of Kings county convicting the defendant of the crimes of rape in the first degree and burglary in the second degree reversed on the law and a new trial ordered. In our opinion, the evidence offered in corroboration of the complainant's testimony was insufficient as a matter of law to warrant the conviction on the second count of the indictment. The " other evidence " required by section 2013 of the Penal Law must extend to every material fact essential to constitute the crime. (*People* v. *Page*, 162 N. Y. 272; *People* v. *Downs*, 236 id. 306; *People* v. *Manowitz*, 236 App. Div. 809; affd., 262 N. Y. 555.)

Here the defendant admitted the intercourse but denied that the act was accomplished without the consent of the complainant and against her will. Corroboration of the complainant's testimony on that issue was, therefore, essential. The admissions attributed to the defendant were insufficient for that purpose. The burglary count is so closely connected with the rape count that both must fall together. We are also of the opinion that the evidence elicited at folio 159 of the record, and sought to be elicited again at folio 213, in the face of previous ruling by the court, was prejudicial to the defendant; and that the charge as a whole did not adequately present the defendant's side of the case to the jury. We order a new trial on both the remaining counts in the indictment (the third count having been dismissed at the trial), since there is a possibility that upon a new trial further corroborative evidence may be adduced in support of the second count. Hagarty, Davis, Taylor and Close, JJ., concur; Adel, J., dissents and votes to affirm.