Boss Batane, J.
(Madison County Judge and Acting Judge for Broome County). The defendant, by indictment, has been accused of the commission of two crimes, both felonies, to wit: The crime of sexual abuse in the first degree, a class D felony, and the crime of sodomy in the third degree, a class E felony.
*585 These crimes are described in separate sections of article 130, entitled sex offenses, of the revised Penal Law. The indictment accuses the defendant in the first count of violating subdivision 1 of section 130.65. This section provides that a person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact by forcible compulsion. The second count of the indictment accuses this defendant of violating subdivision 2 of section 130.40 which provides that a person is guilty of sodomy in the third degree when being 21 years old or more, he engages in deviate sexual intercourse with a person less than 17 years old.
The defendant has moved for a dismissal of this indictment on the ground that there was not presented sufficient evidence before the Grand Jury to sustain it. He cites section 130.15 of the revised Penal Law, being a part of the afore-mentioned article 130, which provides, in substance, that no person shall be convicted of any offense defined in said article solely on the uncorroborated testimony of the alleged victim. As stated above, both of these crimes are contained within said article 130 and accordingly are subject to the application of said section 130.15 requiring corroboration of the alleged victim’s testimony. The insufficiency of the indictment, the defendant maintains, is found in the lack of evidence before the Grand Jury corroborating the testimony of the alleged victim. He reasons and argues that if a person cannot be convicted of these crimes without such corroboration, then an indictment must not stand against him which was found without corroboration which satisfies the requirement spelled out in so many words in said section 130.15.
Section 251 of the Code of Criminal Procedure provides: “ Tim grand jury ought to find an indictment, when all the evidence before them,, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury. ’ ’
Obviously, therefore, the evidence before the Grand Jury, in order to sustain an indictment, must be sufficient to convict the defendant, otherwise, the defendant should not be put to trial, and the indictment should be dismissed.
The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary (People v. Glen, 173 N. Y. 395).
The isolated issue here is whether the Grand Jury minutes disclose evidence sufficient to corroborate the testimony of the alleged victim and thereby satisfy the requirement of corroboration as expressed in section 130.15.
*586 A review of the minutes of the Grand Jury pertinent to this issue is obviously a demanding requirement.
J ohn Gorton, age 15, the alleged victim,, related the following experience, substantially as follows: On July 13 of this year, the defendant approached him in back of a store and started to talk to him about different things, such as drugs, pinball machines, his (John’s) father and then reached into this witness’ pocket for some old coins. He accused John of having stolen these coins. Then he made what John felt was a make-believe telephone call to a man named Jerry, pretending audibly that Jerry’s store was missing the coins which John possessed. Defendant borrowed money from this witness, bought a bottle of wine and walked with John to the river. Defendant forced John to drink some of the wine, after which he removed John’s clothes and reciprocal oral sodomy took place, as well as other forms of deviate sexual intercourse. John participated under fear of bodily harm, remembering stories of 1‘ kids being killed down by the river”. Following this experience, they walked away from the river and J ohn succeeded in running away from the defendant. He arrived at a gas station. He wanted to call his home or the police, but was unsuccessful because of the lack of money. He then walked home and reported this experience to his grandmother and father and then to the police.
James Buckland testified that the alleged victim, John Gorton, came running to his gas station and asked to borrow a dime to call the police. John told this witness of having been attacked down by the river. John appeared to be “ shook up, nervous and stuff, he wasn’t crying ”. He pointed out a man in a white shirt and dark pants whom he said had just attacked him, but this witness (Buckland) stated that he (Buckland) would not be able to identify him.
Harold Dennis was the last witness to testify. He was employed by the store in which the alleged victim and the defendant appeared and the telephone call was made concerning the old coins. He confirmed what John Gorton, the alleged victim, had previously told the Grand Jury with respect to defendant’s audible conversation with a man by the name of Jerry concerning missing coins. After the phone call, they walked out of an entranceway that leads into an alley 11 and1 the boy seemed to be arguing he didn’t do it, and I mean he kept his hand on the shoulder and pushed him out this back entrance ’ ’.
The next step in this evaluation is to determine whether a trial jury could find sufficient corroborative evidence to the alleged victim’s testimony, assuming that everything that was said before the Grand Jury is to be believed. In order to resolve *587 this issue, the definition and meaning of corroboration as expressed in section 130.15 must be ascertained.
What is meant by corroboration in rape cases has been fairly well established in rather consistent decisional law. People v. Page (162 N. Y. 272, 274—275 [1900]) is perhaps the most quoted: ‘ ‘ The rule in such cases is that the corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. (Underhill on Criminal Ev., § 74.) The corroboration must extend to every material fact essential to constitute the crime. (People v. O’Sullivan, 140 N. Y. 481; People v. Kearney, 110 N. Y. 188; People v. Plath, 100 N. Y. 590; Kenyon v. People, 26 N. Y. 203.) ” The court’s opinion went on to rule on whether the disclosure of the complainant to others was sufficient corroboration, and had this to say (supra, pp. 275-276): “ It will be seen that the learned trial judge did not regard the statements- of the girl out of court as corroborative of her testimony in court, and obviously in that he was correct. * * * A witness cannot generally be corroborated by proving declarations made out of court of the same facts testified to in court. In cases of rape disclosures made by the female within a reasonable time after the outrage are admissible :as a part of the People’s case, and the female may testify when and to whom made and the nature of the disclosure. But since the disclosure comes from the complainant herself,, directly or indirectly, and depends wholly upon her veracity, it is not ‘ other evidence ’ in support of her version of the affair within the meaning of the statute.”
In People v. Masse (5 N Y 2d 217, 219) we find this comment: ‘ ‘ The ‘ other evidence ’ required by law must be of the character that tends to establish first, that the crime of rape was committed, and, second, that the defendant was the one who committed the crime (People v. Terwilliger, 74 Hun 310, affd. on opinion below 142 N. Y. 629; People v. Downs, 236 N. Y. 306; People v. Croes, 285 N. Y. 279).”
Mere opportunity has been ruled out as satisfying the requirement of corroboration. Citations are numerous and of no moment to list here.
The conclusion is inescapable that if this were a rape case, the testimony before the Grand Jury is amply lacking of satisfying the requirement of corroboration. Should then a different measuring device be used in determining corroboration in crimes of sodomy and sexual abuse in the higher degrees than has been applied in resolving this issue with respect to crimes of rape?
*588 The Court of Appeals in a recent decision, People v. Radunovic (21 N Y 2d 186 [1967]), recognized the revised Penal Law changes which have added a number of sex offenses to the former list requiring corroboration. It stated in this regard (supra, p. 189): “ The Legislature has currently provided that corroboration of the testimony of complainant is required to sustain charges of adultery and incest (Penal Law, § 255.30), promoting prostitution (id., § 230.35) and the sexual offenses punishable under article 130 of the Penal Law (§ 130.15) which include sexual misconduct (§ 130.20), rape (§§ 130.25, 130.30, 130.35), sodomy (§§ 130.40, 130.45, 130.50) and sexual abuse in the first and second degrees (§§ 130.60,130.65). This well-defined legislative policy has been extended by the courts to endangering the health and morals of a minor, assault with intent to commit rape and attempted rape where the charge is supported by evidence of a consummated rape (People v. Lo Verde, 7 N Y 2d 114; People v. English, 16 N Y 2d 719, and People v. Colon, 16 N Y 2d 988). Wigmore cites many instances to prove the needfulness of these rules (3 Wigmore, Evidence [3d ed.], § 924a).”
In a decision prior to the adoption of the revised Penal Law, People v. Oyola (6 N Y 2d 259, 262) the prevailing opinion written by Van Voobhis, J. commented upon the then rule of corroboration required in cases of rape, but of no such rule applicable to the crime of carnal abuse of a child (Penal Law, § 483-a): ‘ ‘ The absence of legislation requiring other evidence to support the testimony of the complainant extending to every material fact essential to constitute the crime, as in case of rape (People v. Downs, 236 N. Y. 306; People v. Page, 162 N. Y. 272, 274), does not signify that courts fail to scrutinize with special care the same type of testimony in view of the ease with which crimes of this nature are charged and the difficulty of disproving them, and in view of the instinctive horror with which they are regarded by mankind (People v. Friedman, 139 App. Div. 795; People v. Donahue, 144 App. Div. 830) ’ ’.
It may here be noted that the absence of legislation referred to by Judge Van Voobhis in the Oyóla case has since been remedied by section 130.15 of the revised Penal Law.
The prosecution in the case at bar recognizes, without conceding, that the kind of corroboration demanded in a rape case is lacking in character and amount in the case before us. However, it asserts that in nonrape sex offenses, such as the ones here, the corroboration should not be demanded of such a nature as to extend to every material fact essential to constitute the crime and to connect the defendant with the crime, tending to *589 prove him guilty. Something less than this, the prosecution contends should be sufficient. Principally, it argues that the motivation for possibly telling a falsehood is sizeably different in the rape category from the nonrape offenses. Therefore, more complete or absolute corroboration is intended to be required in rape cases than the other sex offenses listed in article 130 (supra). There is submitted in lieu of the traditional components of corroboration, the consideration of possible motive, the inherent likelihood of complainant’s allegations, the extreme difficulty of corroborating oral sodomy or sexual contact, and the like. Note here should be made of Judge Bbeitel’s remarks in his concurring opinion in the Badunovic case (supra, p. 192), after bemoaning the fact that there is serious difficulty in this area of criminal law: ‘ ‘ But in the meantime, there is an obligation to obey the statutes although they produce injustice ”.
There is not much quarrel over the principle that each case must be resolved on its own merits, yet recognizing that the Legislature in section 130.15 has left untouched the description of the nature of the corroboration required, and has prescribed the same statutory requirement in nonrape cases (that is, sodomy, etc.) as it has for rape cases. Although we are not bound by commentaries which attempt to explain changes in the law and to clarify the meaning of terms, it is worthy of attention that two members of the New York Bar who served respectively as Executive Director and Counsel of the Commission on Revision of the Penal Law and Criminal Code, Richard G-. Denzer and Peter McQuillan, concluded their commentary on section 130.15 (supra) as follows: “ Section 130.15 was not intended to change the former law respecting the scope and quality of the corroboration necessary to sustain a conviction. Thus, the corroborative evidence must be of such a character and quality as tends to prove the guilt of the defendant by connecting him with the crime and must, in addition, extend to every material fact of the offense charged * * * [here they cite a number of appellate court decisions, starting with People v. Page (162 N. Y. 272) ]. Prior case law construing the corroboration requirement for rape will, therefore, be applicable in a prosecution for any offense (except sexual abuse in the third degree) defined in Article 130 ”. There can hardly be any equivocation as to the interpretation given by these professionals to the meaning and intent of corroboration provided for in section 130.15 being that there was intended no variance in import or application among the various sex offenses that it was prescribed for.
doming down now to the indictment in the case at issue before this court, it is not necessary in order to resolve the motion to *590 dismiss, that this court pronounce the specific rule with respect to the nature or character of corroboration that should be applied to all of the sex crimes contained in article 130. It is sufficient to find and resolve that in the case before us, there is conspicuously absent not only corroboration respecting every element of the crimes charged, but rather any of the elements which constitute these crimes. It is noteworthy that all of the incidents of corroboration emphasized by the prosecution may very well point to the identification of the defendant as the perpetrator of these crimes, such as the testimony of the store employee where the telephone call was made and the testimony of the gas station attendant, but nothing was said in evidence to the Grand Jury or illustrated before them that the crimes themselves were, in fact, committed, other than the description by the alleged victim of what occurred to him and his person. Even if one were to question or doubt whether the same character and intensity of corroboration were intended for all sex offenses in article 130 (other than sexual abuse in the third degree), the reasonable interpretation cannot be avoided that some material corroboration was intended of the actual commission of the crime; some of the basic elements of the crime must be proven by evidence other than the complainant’s say so. The Grand Jury proceeding was totally lacking in such supportive evidence. Accordingly the indictment cannot survive and should be dismissed.