THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BRUCE R. THOMPSON, Respondent.

Third Department, June 10, 1971.

*Patrick D. Monserrate, District Attorney* (*Stephen E. Powers* of counsel), for appellant.

*Louis J. Casella, Public Defender* (*Alan S. Phillips* of counsel), for respondent.

REYNOLDS, J. This is an appeal by the People of the State of New York from an order of the County Court of Broome County, granting respondent's motion to dismiss the indictment for lack of sufficient evidence before the Grand Jury.

The sole question raised on this appeal is the propriety of the County Court's dismissal of an indictment charging respondent with the crimes of sexual abuse in the first degree (Penal Law, § 130.65, subd. 1) and sodomy in the third degree (Penal Law, § 130.40, subd. 2) on the ground that the Grand Jury minutes failed to disclose sufficient evidence in satisfaction of

the corroboration requirement of section 130.15 of the Penal Law.

The Grand Jury minutes indicate that at about 1 o'clock on the afternoon of July 13, 1970 a 15-year-old youth was allegedly approached on Chenango Street in Binghamton, New York, by the respondent, who identified himself as a private detective. After the respondent explained to the youth that he knew his father, the two gravitated to a nearby department store where the respondent allegedly removed some coins from the youth's pocket. Apparently the respondent then accused the youth of stealing coins from a local hobby shop, simulated a telephone call to the shop to confirm his accusation and subsequently escorted the youth from the store. The events which occurred in the department store were corroborated by an employee, Harold Dennis. After leaving the department store, the respondent allegedly borrowed some money from the youth to buy some wine and then directed the latter to accompany him down to the local riverbank where he forced him to engage in oral and anal sodomy. Assertedly the youth tried to resist, but the respondent hit him and pushed him to the ground. After the two left the area, the youth, when the opportunity presented itself, ran into a gas station. Apparently in a distressed state, he approached an attendant to explain what happened and to ask for a dime to call his father. The youth also allegedly pointed out the respondent, but the latter successfully escaped from view before the attendant could confirm the youth's identification. The attendant, James Buckland, confirmed these particulars before the Grand Jury. Unable to secure a dime the youth ran home and complained to his family who then contacted the police.

The County Court based its decision on the premise that in adopting section 130.15 of the Penal Law, the Legislature intended to extend the strict corroboration requirements that have been established in the rape cases to all applicable sex offenses in article 130. Thus using the requirement that " corroboration must extend to every material fact essential to the crime " (*People* v. *Page*, 162 N. Y. 272, 274–275), the County Court concluded the indictment had to be dismissed.

Since there is absolutely no corroboration of " sexual contact ", if the County Court's conclusion as to the effect of section 130.15 is correct, the order must be affirmed. We cannot, however, concur in the trial court's evaluation as to the effect of the enactment of section 130.15. Clearly this section introduced expressly the requirement of " corroboration " to charges of

sexual offense beyond rape cases. But that does not mean that the corroboration requirements as defined in the rape cases were intended to be applied equally as well to all the sex offenses in article 130 (cf. Practice Commentary by Richard G. Denzer and Peter McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 130.15, pp. 278–279). Nor does *People* v. *Bravender* (35 A D 2d 1035) factually support such a conclusion. In *People* v. *Bravender* (*supra*) it was stated: " Circumstantial evidence of corroboration is sufficient if it affords proof of circumstances legitimately tending to show the existence of the material facts of the crime." In fact, if the rape rule had strictly been applied in *Bravender* the judgment there would have had to have been reversed. Moreover, unlike the rape cases, it is difficult to see in cases such as the present case how " sexual contact " could ever be corroborated short of an actual eyewitness testifying as to the occurrence.

The provisions of the Penal Law " must be construed according to the fair import of their terms to promote justice and effect the objects of the law " (Penal Law, § 5.00). Prior to the 1967 revision of the Penal Law strict corroboration of a sodomy charge was not expressly essential as a matter of law. However, it was necessary that the evidence against the defendant be " clear and convincing " and not solely based on the testimony of the complainant in order to sustain a conviction of this kind (*People* v. *Porcaro*, 6 N Y 2d 248; *People* v. *Oyola*, 6 N Y 2d 259). An examination of this " clear and convincing " test indicates that it was in fact a requirement of " corroboration " (see N. Y. Legis. Doc., 1962, No. 65 [P], Communication and Study Relating to Requirement of Corroborative Evidence for Conviction of Certain Crimes by the Law Revision Commission, p. 646). In *People* v. *Porcaro* (*supra*, p. 252) Judge FULD in his concurring opinion stated: " I would place my decision upon the ground that, as [a] matter of law, no conviction for impairing the morals of a child may validly rest on the uncorroborated testimony of the child victim." Thus even prior to the enactment of section 130.15 a form of corroboration of a sort which lends credibility to the victim's testimony was required in cases such as the present one and we find no reason why this form of corroboration should not be continued.

Accordingly, the order should be reversed, on the law, and the indictment reinstated.

HERLIHY, P. J., GREENBLOTT, COOKE and SIMONS, JJ., concur.

Order reversed, on the law, and indictment reinstated.