Scileppi, J.
Complainant, a 17-year-old school girl, willingly, but apparently unwittingly, accepted a “lift” from a male stranger in the early evening on October 13, 1968. By her own testimony^, she refers to a two-hour stay with her assailant before and after an act of forcible intercourse at some secluded spot near her home. When finally released, she ran home and reported the incident to her parents who, in turn, notified the State Police.
There is no real doubt that the record affords sufficient corroboration that intercourse was committed by forcible compulsion. The complainant’s mother testified to her daughter’s bloodied mouth, bruised lips, disheveled appearance and apparent emotional distress. Independent medical proof of the complainant’s condition shortly after the incident occurred, verified that coitus had taken place and that the complainant had been physically abused (see, e.g., People v. Masse, 5 N Y 2d 217; People v. Deitsch, 237 N. Y. 300; People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823); and a mass of fine lacerations about the back and “vegetable matter ” compatible with leaves and small branches, tangled in the complainant’s pubic hair is corroborative of the fact that the complainant had been dragged along and assaulted on the. open ground.
Because the law requires that the victim’s testimony be corroborated in each of the three material elements of the offense (People v. Page, 162 N. Y. 272; People v. Downs, 236 N. Y. 306; People v. Masse, 5 N Y 2d 217, supra; see, also, Penal *101 Law, § 130.15) —force or lack of consent, penetration and identity — there must further he some independent showing that it was the defendant who committed the crime before the conviction will be sustained (Penal Law, § 130.15; People v. Masse, 5 NY 2d 217, supra; People v. Page, 162 N. Y. 272, 274-275, supra; People v. Croes, 285 N. Y. 279; People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823, supra).
Defendant has never admitted to having intercourse with the complainant, and at the trial offered an alibi as to his whereabouts on the night in question. No independent testimony has been introduced to corroborate the identity of the alleged rapist; and while real evidence might suffice (see People v. Marshall, 5 A D 2d 352, 353, affd. 6 N Y 2d 823, supra), the only evidence which would place the defendant at the scene of the crime is that of the complainant, set forth along with a vivid description of the defendant, his car — the one allegedly used to transport the victim to the scene of the crime — and a ring said to have been worn by the attacker and identical to one confiscated from the defendant at the time of his arrest. On their direct case, the People have offered no proof which would place the car, concededly the defendant’s, or the defendant himself, in or about the vicinity where the alleged rape occurred on the night in question (cf. People v. Hutchings, 36 A D 2d 659). Beyond the victim’s own testimony that she was, in fact, inside the defendant’s car, an allegation which is surely buttressed by her detailed descriptions, there is no independent evidence, either circumstantial or direct, to support the charge that the defendant was her assailant (see People v. Terwilliger, 74 Hun 310, affd. on opn. below 142 N. Y. 629; People v. Deitsch, 237 N. Y. 300, supra).
As a practical matter, and on the basis of the evidence adduced, the jury, logically and reasonably could infer that the complaining witness was raped. Absent independent corroboration of the perpetrator’s identity, however, the law requires-that the victim’s testimony linking the defendant to the crime be discounted; and, on the basis of the facts, the conviction must fail (People v. Page, 162 N. Y. 272, 274-275, supra; People v. Downs, 236 N. Y. 306, supra; People v. Anthony, 293 N. Y. 649), The order appealed from should be reversed and a new trial granted.
*102 The statutory requirement of corroboration in áll rape cases and under the revised Penal Law in crimes prosecuted under article 130, as well as the judicially created rule extending the corroboration requirement to. crimes intrinsically related to rape or committed in aid of effecting a rape (Penal Law, § 130.15; People v. Lo Verde, 7 N Y 2d 114; People v. English, 16 N Y 2d 719; see, also, People v. Moore, 23 N Y 2d 565, 567-568), finds plausible, if not redoubtable, justification in protecting against the danger of false accusations (People v. Yannucci, 258 App. Div. 171, 173; Matter of Sam “ F ” and Bobby “ S ”, 68 Misc 2d 244; 7 Wigmore, Evidence [3d ed.], § 2061, p. 354; cf. People v. Radunovic, 21 N Y 2d 186, 191, concurring opn. Breitel, J.). In terms of Its objectives, however, the statutory rule is of minuscule practical value (7 Wigmore, Evidence [3d ed.], § 2061, p. 354); and in its overall effect continues to threaten disconcerting, if not mischievous consequences (People v. Radunovic, 21 N Y 2d 186, 193, supra, dissenting opn. Scileppi, J.). Wigmore, apprehending the threat of false accusations, recognizes that the purpose of the rule is accomplished by the Trial Judge’s power to set aside the verdict upon the ground of insufficient evidence (7 Wigmore, Evidence [3d ed.], § 2061, p. 354). Indeed, it imposes itself as a broad testimonial disability, when common experience1 and ordinary suspicion already suggest circumspection (Matter of Sam “ F ” and Bobby “ S ”, 68 Misc 2d 244, supra; see, also, 7 Wigmore, Evidence [3d ed.], § 2061, p. 354; cf. People v. Radunovic, 21 N Y 2d 186,192, concurring"opn. Bbeitel, J., supra). Although we need not canvass either the efforts of the overwhelming majority of States which labor without such an “ over evidence requirement” (See Matter of Sam “F” and Bobby “ S ”, 68 Misc 2d 244, supra; generally the complainant’s uncorroborated testimony, if not contradictory or incredible, or inherently improbable, may be sufficient to sustain a conviction, while a more stringent standard, requiring corroboration would apply where that testimony is contradictory or inherently unreliable or improbable; see, also, 75 C. J. S., Rape, § 78; 7 Wigmore, Evidence [3d ed.], § 2061, esp. n. 1, at pp. 342-343), or the myriad criticism which the rule’s detractors would inveigh "against it, some of its more egregious flaws warrant at least passing comment.
*103 First, and perhaps foremost, is the fact that in imposing an evidentiary standard more befitting a public event, the law necessarily frustrates the prosecution of an inherently furtive act. Secondly, it establishes a system of false distinctions between offenses committed most often against the person of a woman and other equally serious charges where “ the motivation for falsehood or occasion for inaccuracy is * * * [as] great, and the disproof difficult ” (People v. Radunovic, 21 N Y 2d 186, 192, concurring opn. Breitel, J., supra: specifying fraud, prostitution, illegitimacy and filiation proceedings, alleged gifts from the now-dead and between those in a confidential relationship). Predicated on an earlier ethic which held such activities unusually heinous, the distinction was once arguably proper; by more contemporary standards, it, nevertheless, expresses almost an irrational doubt toward the claims of women who have been victimized sexually, with virtually nothing to commend its continued use.
Legislation, amending section 130.15 of the Penal Law, has recently been signed into law and, as of its effective date, no longer requires corroboration of the complaining witness’s testimony regarding penetration or, in most instances, the perpetrator’s identity (Penal Law, § 130.15, as amd. by L. 1972, ch. 373). Additionally, it discards the judicially created rule extending the corroboration requirement to incidental, crimes where the charge is supported by evidence of a consummated rape (People v. Lo Verde, 7 N Y 2d 114, supra; People v. English, 16 N Y 2d 719, supra; People v. Radunovic, 21 N Y 2d 186, supra; cf. People v. Moore, 23 N Y 2d 565, 567-568, supra).
This amended version represents an improvement over the present law, but retains crude vestiges of the former evidentiary standard: the element of force, and in certain cases, identity, still requires corroboration. Consistency, as well as a quest for greater justice suggests instead a proposal to eliminate corroboration entirely (Matter of Sam “ F ” and Bobby “ S ”, 68 Misc 2d 244, 250, supra). What was said once, and said well, recommends an eminently more reasonable, certainly more just approach to an admittedly difficult problem: “ A better principle * * *, variously. phrased, [would require] especially convincing and satisfying evidence, within the rubrics of proof beyond a reasonable doubt and the preponderance of evidence ” *104 in .prosecutions for such offenses (People v. Radunovic, 21 N Y 2d 186, 192, supra). The standard has already proven reliable in other instances where the danger of fabrication is constant (supra, p. 102) and provides a practical, yet efficient, safeguard against convictions on idle accusations.
In the end, the question is essentially one of credibility, and for the finder of fact. Formalistiq requirements such as corroboration place an unrealistic premium on legal niceties, often. contrary to the overwhelming proof in a case. Experience recommends further legislation dispensing with corroboration entirely.