OPINION OF THE COURT
D. Bruce Crew, III, J.
Defendant moves to inspect the Grand Jury minutes and to dismiss the indictment on the grounds that the evidence before the Grand Jury was not legally sufficient to support the charges contained therein and that the Grand Jury proceeding failed to conform to the requirements of CPL article 190.
The indictment in the case at bar accuses the defendant, in 17 counts, of sexual abuse in the first degree and endangering the welfare of a child, the victims in each case being children under 11 years of age. Lack of consent of the victim is an element of the crime of sexual abuse in the first degree, and because the children here are all under the age of 17 the law deems them incapable of consent (Penal Law § 130.05). Since the children’s lack of consent is predicated solely upon their age, defendant could not have been indicted solely upon their testimony under the law at the time of the commission of the alleged crimes (People v Pawley, 71 AD2d 307; L 1974, ch 14 [Penal Law § 130.16]; CPL 70.10 [1]). Prior to the presentment of these matters to the Grand Jury, Penal Law § 130.16 was amended to remove the requirement of corroboration when the victims’ lack *113 of consent arises solely by reason of age (L 1984, ch 89). The defendant has been indicted, with regard to each count of the indictment, solely on the testimony of the infant victims without corroborating evidence as is now permitted by the Penal Law. The question is whether the repealing statute constitutes an ex post facto law as applied to this case. If so, the evidence before the Grand Jury is legally insufficient and the indictment must be dismissed.
US Constitution, article I, § 10 prohibits a State from passing any ex post facto law. It is not precisely clear what the constitutional import of this Latin phrase is, but. traditionally it has been understood to prohibit any law which punishes as a crime an act which was innocent when done; which enhances or enlarges the punishment for a crime after its commission; or which deprives one'charged with a crime of any defense available to him or her according to the law at the time the act was committed (e.g., Weaver v Graham, 450 US 24; Dobbert v Florida, 432 US 282; Beazell v Ohio, 269 US 167). It is very clear that the repealing statute in the case at bar does not offend the ex post facto clause of the Constitution in any of those ways.
Defendant urges that there is yet another way in which a statute, and the one at bar particularly, may offend the Constitution. In the early and oft-cited case of Calder v Bull (3 US 386, 390) the Supreme Court, in dicta, stated four types of changes which would be ex post facto. The fourth was: “Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.” If the pronouncement in that case could be said to precisely fix the parameters of acceptable legislation then the decision required in this case would be manifest. However, not only has that fourth prong been criticized by commentators (see, e.g., 1 Wigmore, Evidence § 7 [Tillers rev 1983]), but Supreme Court decisions subsequent to Colder cast doubt as to its continued vitality.
In Hopt v Utah (110 US 574) at the time of an alleged homicide a convicted felon was not a competent witness. Subsequent to the crime, but prior to trial, the law was changed and a convicted felon’s testimony was admitted at Hopt’s trial and was instrumental in his conviction. Similarly, in Thompson v Missouri (171 US 380), a defendant’s conviction of murder had been reversed and a new trial ordered because of the use of an inadmissible handwriting exemplar. Prior to the second trial the law was changed making the previously inadmissible evidence admissible, and Thompson was again convicted upon the use of *114 the handwriting exemplar. In both Hopt and Thompson the Supreme Court held that application of the new laws was not violative of the ex post facto clause. Yet, clearly, in each the new law altered a legal rule of evidence so that different evidence was received than the law required at the time the offense was committed. In Hopt {supra, p 590) the Supreme Court wrote: “Any statutory alteration of the legal rules of evidence which would authorize conviction upon less proof, in amount or degree, than was required when the offense was committed, might, in respect of that offense, be obnoxious to the constitutional inhibition upon ex post facto laws. But alterations which do not * * * change the ingredients of the offense or the ultimate facts necessary to establish guilt, but — leaving untouched * * * the amount or degree or proof essential to conviction — only remove existing restrictions upon the competency of certain classes of persons as witnesses, relate to modes of procedure only, * * * and which the State, upon grounds of public policy, may regulate at pleasure” (emphasis added).
Hopt (supra) and Thompson (supra) are distinguishable from the instant case in that there the changes could as easily have favored the defendant. The felon in Hopt could have given exculpatory testimony and in Thompson the handwriting exemplar may have convinced the jury that Thompson was not the author of the questioned document. Changes such as those may be argued to be not violative of the ex post facto clause simply because their application is neutral, neither favoring nor disadvantaging defendants. As the Supreme Court has observed, “[i]t is axiomatic that for a law to be ex post facto it must be more onerous than the prior law” (Dobbert v Florida, 432 US 282, 294, supra). However, even changes which can work only to the disadvantage of an accused, if they are to apply at all in a particular case, have been upheld as not violating the ex post facto clause. In Mallett v North Carolina (181 US 589) the court held not ex post facto a statute permitting the State to appeal from the grant of a new trial in certain criminal cases. It also appears well settled that the Legislature may extend the Statute of Limitations for a crime previously committed but for which the old Statute of Limitations had not then expired (United States v Richardson, 512 F2d 105; Clements v United States, 266 F2d 397; Falter v United States, 23 F2d 420, cert denied 277 US 590).
Defendant attempts to distinguish Hopt (110 US 574, supra) and Thompson (171 US 380, supra) upon the ground that here lesser evidence rather than different evidence is permitted to *115 obtain a conviction.[1] Clearly though, no element of the crime has been altered. Each factual element of the offense must still be proven by competent and admissible evidence evincing guilt beyond a reasonable doubt. In that sense there has been no change in “the [quantum] or degree of proof essential to conviction” (Hopt v Utah, supra, p 590).[2] Whether that is the sense in which the Supreme Court used those words is unclear since the court has never used that test as a basis to hold unconstitutional any change in a law before it. Thus it is appropriate to determine the parameters of that test by considering the other pronouncements of the court as to what constitutes an impermissible change.
Cases such as Hopt and Thompson have led to the now generally accepted principle that a law which effects only procedural changes is not ex post facto (see, Dobbert v Florida, supra; Beazell v Ohio, 269 US 167, supra; Malloy v South Carolina, 237 US 180; People v Qualey, 210 NY 202). That general rule is of course subject to exceptions. Even though a change might be called procedural, it will still run afoul of the ex post facto prohibition if it deprives the defendant of a substantial personal right (Kring v Missouri, 107 US 221, 232). “Just what alterations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula or stated in a general proposition. The distinction is one of degree” (Beazell v Ohio, supra, p 171).
The law here under scrutiny is one regulating evidence and may properly be considered procedural, despite its presence in the Penal Law rather than the Criminal Procedure Law. A corroboration requirement is generally considered to be evidentiary and procedural (see, People v Linzy, 31 NY2d 99, 102-103; People v Blank, 283 NY 526, 528; People v Johnson, 46 AD2d 55, 58; Matter of Ruggiero, 40 AD2d 135, 136; but see, People v Pawley, 71 AD2d 307, 312, supra). The “plausible, if not redoubtable” justification for requiring corroboration was to protect *116 against false accusations, which were considered to present a greater danger in the particular class of offenses for which the requirement was imposed (People v Linzy, supra, p 102). It was for that reason the Legislature imposed a “testimonial disability” upon the defendant’s accuser (supra). As such, its real purpose was not to require more or even different evidence to establish the crime charged, but rather to require evidence tending to demonstrate the credibility of the complaining witness. If that was the purpose of the former statute, and it can hardly be gainsaid, then as a practical matter the Legislature has, by repeal, now made a certain class of witnesses wholly competent to testify who were previously considered only partially competent to do so. As such it can be said to alter the rules of evidence as was the case in Hopt v Utah (110 US 574, supra). Thus, resolution of this case depends upon whether this procedural change is one which deprives defendant of a substantial personal right.
As noted above what procedural changes are of sufficient magnitude to run afoul of the ex post facto prohibition cannot be stated in a general formula or proposition, but is a matter of degree. It is not surprising therefore that there have been no significant attempts to articulate what procedural changes impermissibly deprive a defendant of a substantial personal right. While not dispositive, yet helpful is the statement in Falter v United States (23 F2d 420, 425-426, supra) that this “question turns on how much violence is done to our instinctive feelings of justice and fair play”.
The court believes that the personal rights which may not permissibly be retroactively removed by the Legislature are only those which derive from a statutory or judicial rule of law which is intended to give protection to certain conduct of the defendant. Such a rule reflects the same rationale that underlies the other accepted prohibitions of the ex post facto clause, i.e., making criminal an act innocent when done, enhancing or enlarging the punishment for a crime, or depriving the accused of a defense previously available. The underlying rationale is that a person is entitled to have notice of what conduct is proscribed, what actions or conditions will remove or negate the proscription, and the consequences of engaging in that behavior.[3] Thus an accused ought to retain rights which relate to *117 conduct and the consequences of conduct, even if they may be considered procedural. For example, an abrogation of the physician-patient or clergyman-penitent privileges should not be allowed to retroactively apply, as the right given to defendants to preclude admission of such conversations is one which is intended to regulate conduct and upon which defendants are entitled to rely. The law at bar had no such conduct-influencing effect. It cannot be seriously asserted that the statute at bar informed the accused that if she engaged in the proscribed conduct in a manner so that no corroborating evidence was available then she would not be convicted, and that it was accordingly intended to induce or protect such conduct. Neither does the change fundamentally alter the adjudicative process by which the defendant’s guilt or innocence will be determined.[4] The prosecution still bears the burden of proving all of the essential facts it had to prove prior to the change in the law. The defendant is not deprived of any former right or advantage she had which would enable her to show her innocence. All that has been altered is the mode of proof. The prosecution may now use the testimony of the children to prove defendant’s guilt without having to produce facts corroborating their testimony. The court thus concludes that defendant has not been denied a substantial personal right within the meaning of the ex post facto clause.
As to our notions of justice and fair play, this defendant and all defendants are entitled to have a trial at which is received competent and admissible evidence and at which a jury determines what weight and credibility it will assign such evidence. It is a legislative determination as to what evidence may be legal and competent which determination is subject to change. When the Legislature determines that even without corroborating evidence a person under the age of 17 years should be permitted to relate his or her experience to a jury and that the jury, in each case, not the Legislature, should be the judge of the efficacy of such revelation, retroactive application of such a determination does not do violence to our instinctive feelings of justice and fair play. To the contrary, our instinctive feelings of justice and fair play repose in the proposition that a jury of one’s peers will fairly and justly determine issues of fact, considering, among other things, the age, level of intelligence and the credibility of any witness appearing before them.
*118 The court has examined the defendant’s remaining arguments and, after an in camera review of the Grand Jury minutes, finds them unpersuasive-. The motion to dismiss is denied.

. In support of that contention defendant cites Government of Virgin Is. v Civil (591 F2d 255) wherein the Third Circuit Court of Appeals held the repeal of a corroboration requirement to be ex post facto on that basis. Equally persuasive, however, is Murphy v Commonwealth (652 SW2d 69 [Ky], cert denied 465 US 1072,79 L ed 2d 751), urged upon us by the People, wherein the Kentucky Supreme Court declared a similar statute not to be violative of the ex post facto clause.

. Compare the change here under consideration with that held unconstitutionally ex post facto in United States v Williams (475 F2d 355). There the new law removed the requirement that the prosecution prove that defendant was not insane at the time of the offense and placed upon the defendant the burden of proving that he was insane.

. In rejecting an ex post facto challenge in Harisiades v Shaughnessy (342 US 580, 593), the Supreme Court stated: “[The petitioners] were not caught unawares by a change of law. There can be no contention that they were not adequately forewarned both that their conduct was prohibited and of its consequences.”

. The Court of Appeals has determined that the requirement of corroboration does not involve the integrity of the fact-finding process and has refused to apply, retroactively, its rule that corroboration of assault with intent to commit rape is required when testimony as to an actual rape has been received CPeople v Reynolds, 25 NY2d 489).