## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 7, 1918.

### THE PEOPLE v. HARRY MURRAY.

(183 App. Div. 468.)

RAPE—*EVIDENCE—CORROBORATION OF COMPLAINING WITNESS.

\* See notes Vols. 5, 251; 6, 178; 24, 7.

No conviction can be had for rape upon the testimony of the female defiled unsupported by other evidence, which corroboration must extend to every material fact essential to constitute the crime and not merely consist of such corroborating evidence as tends to connect the defendant therewith.

SAME.

Evidence in a prosecution for rape examined, and *held*, insufficient to corroborate the testimony of the complaining witness and that a judgment of conviction should be reversed.

SAME—PROMPT DISCLOSURE DOES NOT CORROBORATE TESTIMONY.

In such action it was error to charge that the prompt disclosure by the woman raped corroborated her testimony, for such evidence, although admissible, merely rebuts the inference which might be drawn from her silence.

APPEAL by the defendant, Harry Murray, from a judgment of the County Court of Orange county, entered in the office of the clerk of said county on the 23d day of November, 1916, convicting him of the crime of rape in the first degree as a second offense and sentencing him to State prison for twenty years, and also from an order entered in said clerk's office on the 28th day of November, 1916, denying defendant's motion for a new trial made upon the minutes.

*J. D. Wilson, Jr.,* for the appellant.

*Henry Hirschberg, District Attorney,* for the respondent.

PER CURIAM:

The evidence would be sufficient to sustain the judgment except for the requirement of section 2013 of the Penal Law. That statute provides that " No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence," and the courts have decided that the corroboration must extend to every material fact essential to constitute the crime. (People v. Page, 162 N. Y. 272, 274.)   In this respect the statute is different from that governing the case of an accomplice, where the statute is satisfied if the accomplice is " corroborated by such other evidence as tends to connect the defendant with the commission of the crime." (Code Crim. Pro. § 399.) · The difference in the two statutes is analyzed in People v. Becker (215, N. Y. 126, 139).

In the case at bar a careful analysis of the evidence of witnesses other than the prosecutrix discloses no support to her testimony as to the fact of sexual intercourse on the night in question. The learned judge charged the jury that the prompt disclosure by the female was corroborating evidence. In this respect the charge cannot be sustained. Although such evidence is admissible in cases of rape as part of the People's case, this is not in accordance with the general rules of evidence, and the evidence is permitted rather to rebut an inference which might be drawn from her silence, than as confirmation of the crime. But such evidence depends wholly on the veracity of the complainant, and " it is not 'other evidence' in support of her version of the affair within the meaning of the statute." (People v. Page, 162 N. Y. 276; People v. Shaw, 158 App. Div. 146.)

Both the point of the want of supporting evidence, and of the error in the charge, are presented by sufficient exceptions, and the judgment of conviction of the County Court of Orange county and order must be reversed, and a new trial ordered.

JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment of conviction of the County Court of Orange county and order reversed, and new trial ordered.