THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CZYZ, Appellant.— Judgment of the County Court of Nassau County convicting defendant of the crime of rape in the first degree reversed on the law and the facts and a new trial ordered. There was a controversy of fact as to whether the conceded intercourse was by consent of the complainant or the result of a vicious and violent assault. There was some corroborative evidence but of doubtful value. It was, therefore, serious error for the court to have refused to charge, as requested by defendant, that disclosures by the complainant to the police after the event were not corroboration within the meaning of section 2013 of the Penal Law. (*People* v. *Carey*, 223 N. Y. 519; *People* v. *Page*, 162 id. 272; *People* v. *Murray*, 183 App. Div. 468.) Further, the verdict of the jury was against the weight of the evidence. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., concurs in result, with the following memorandum: Prompt disclosure is an element, together with attendant circumstances, which is admissible as part of the People's case and, although not in itself sufficient corroboration (*People* v. *Page*, 162 N. Y. 272, 275, 276), is to be taken into consideration in conjunction with other proof as to the legal sufficiency, collectively, of the corroboration. (*People*

v. *Yannucci*, 283 N. Y. 546.) In my opinion the refusal to charge the request that disclosure did not constitute sufficient corroboration was proper. The effect of such a charge would have been to have conveyed to the jury the false impression that prompt complaint had no probative value. The same practice could then have been resorted to as to other corroborative proof although, collectively, it was sufficient. A proper request would have left no doubt as to the effect of disclosure by incorporating therein the accurate statement that in and of itself, or standing alone, it was insufficient. I concur for reversal on the facts.