Benjamin G-assman, J.
The defendant, convicted of rape as a misdemeanor and assault in the third degree, moves to set aside a judgment of conviction as being contrary to law and contrary to facts.
It is defendant’s contention that the judgment of conviction should be set aside because —
*888 (1) More than 280 days elapsed between the date of the last act of sexual intercourse and the date of birth of the child.
(2) There was not that quality of corroboration required by section 2013 of the Penal Law.
(3) The testimony failed to establish the crime of assault, third degree, as charged in count 2.
The complainant testified that she had four acts of sexual intercourse with the defendant. The first occurred on the morning of December 25, 1955; the second during the second week in January, 1956; the third during the third weekend in January, 1956; and the fourth “the earlier part of February, 1956.” The “earlier part of February, 1956 ”, would be any time after February 1, 1956. The baby was born on November 9, 1956. Thus, if we assume February 1, 1956, to be the date of the last act, not more than 282 days elapsed between that date and the date of the child’s birth. If, however, we assume “ the earlier part of February ” to be any date within the first week of February, then the period of gestation would be well within the 40 weeks or 280 days, which is the ordinary period of human gestation. According to the table entitled “ Periods of Gestation ”, contained on page 788 of Schatkin, Disputed Paternity Proceedings, if the date of birth was November 9, the date of conception would be February 3, a date in ‘ ‘ the earlier part of February ”. The 280-day rule is not a hard and fast one and there may be a reasonable variation, such as a few days, of the normal period of gestation without the necessity of invoking expert medical testimony. (People v. Tubbs, 240 App. Div. 915, affd. 264 N. Y. 641.)
"While it is true that count 1 of the information charges that defendant committed the crime of rape as a misdemeanor “ on or about December 25, 1955, and during the month of January, 1956,” the information will be deemed to cover the offense attempted to be proved nearest in point of time to the date in the information. (People v. Flaherty, 162 N. Y. 532.)
However, neither the length of the period of gestation nor the pregnancy of the complainant is a necessary factor to establish a charge of rape. This is not a paternity proceeding. There may be a conviction for rape even though the act is not followed by any pregnancy. Nor was the question of whether conception took place in December, January, or February important, save and except in connection with the corroboration of complainant’s testimony. Insofar as the first count is concerned, all that the People had to prove was that the defendant committed rape upon the complainant on or about December *889 25, 1955, and in January, 1956. If the People established those facts beyond a reasonable doubt, the conviction of the defendant must stand. This court, after hearing and observing the witnesses, arrived at the conclusion that the charge was proven beyond a reasonable doubt and that the testimony of the complainant was amply corroborated.
Coming to the second point raised by the defendant, to wit: that the People failed to corroborate the complainant’s charge, we have the testimony of complainant’s mother (referred to later in this opinion) and, in addition thereto, there is defendant’s own testimony that, even though he first denied the charge, when he visited the complainant on July 10, 1956, he left complainant with the statement: ‘ ‘ Give me a couple of days to think about it.” While it is true that he also testified that this statement was induced by threats of communicating with his probation officer, this testimony does not ring true. Were we to believe that he was threatened, we would have to conclude that he was outraged at being improperly accused of siring complainant’s child, when, as he claimed, he not only never had sexual intercourse with complainant, but never even asked her to. Yet, we find that just one week later he again called at complainant’s home and took her, her mother, brother, and sister to the beach. This does not seem like the act of one who was unjustly accused of the crime of rape. Then we have the facts about his giving a ring to complainant at or about Christmas Eve of 1955. While he admitted giving her that ring, he claimed that he originally bought it for his mother as a Christmas gift and gave it to complainant only because she admired it.
We find ample corroboration in the testimony of complainant’s mother. When asked by her — “ What are you and Julie going to do about the baby that’s being born? ” — he made no denials but instead told complainant that she should not worry and that she could use his name for the baby. While defendant denied that, his denials must be judged in the light of his testimony and the record. If his testimony does not ring true, his credibility is affected. His admissions of “ having a crush on complainant ’ ’ and being infatuated with her and his admissions of 6 ‘ necking ’ ’ with her in the early morning hours in a parked automobile do not jibe with his claim that he never had sexual intercourse with her and never asked her to. We do not believe this testimony. It should be noticed that section 2013 of the Penal Law is indefinite as to the character and extent of the supporting evidence required. The law does not require that *890 the entire case should be proved outside of the testimony of the complainant.
“ The prosecutrix is corroborated as to a rape having been committed upon her, by the fact that she was in such a situation with the defendant that he had an opportunity to commit the crime ”. (People v. Terwilliger, 74 Hun 310, 315.)
Finally, there is the failure of the defendant to call any of the ‘1 other fellows” — his friends — who, he claimed accompanied him to the church on Christmas Eve. Nor was any evidence adduced by the defendant of any association between the complainant and any other man. All of these facts and circumstances indicate sufficient corroboration of the charges made by complainant.
The corroborating evidence need not necessarily be such as to exclude every hypothesis except that of guilt. (People Y. Terwilliger, 74 Hun 310, supra, affd. 142 N. Y. 629.) It need not be direct and may be circumstantial, else few convictions could be secured even in flagrant cases. (People v. De Nigris, 157 App. Div. 798.) It need not be positive and direct and is sufficient if it affords proof of circumstances legitimately tending to show the existence of the material facts. (People v. Elston, 186 App. Div. 224.) It need not be in and of itself convincing or conclusive, but it must be corroborative of the testimony of the female. (People v. Grauer, 12 App. Div. 464.)
‘ ‘ ‘ The law is complied with when there is some evidence fairly tending to connect the defendant with the commission of the crime, so that the conviction will not rest entirely upon the evidence of an accomplice.’ ” (People v. Elliott, 106 N. Y. 288, 292.)
Finally, we come to the claim that the conviction on count 2 is not sustained by the evidence. Count 2 accuses the defendant of unlawfully and willfully ill treating the complainant on or about December 25, 1955. Defendant urges that “ the only facts concerning a touching of the body was the fact that the complainant testified that the defendant kissed her on one occasion.” That statement is not quite accurate. Having reached the conclusion that the evidence established that defendant committed an act of sexual intercourse with complainant, a girl under 18 years of age, on December 25, 1955, we hold that the crime of assault in the third degree was established.
The defendant’s motion should be in all respects denied.
Thompson and Mahoney, JJ., concur.
Motion denied, etc.