Jasen, J. (dissenting).
On this appeal, we are asked to determine whether the People put forward before the Grand Jury sufficient evidence to ‘ ‘ warrant a conviction by the trial jury ’ ’ of the crimes of sodomy in the third degree and sexual abuse in the first degree. (Code Grim. Pro., § 251; People v. Haney, 30 N Y 2d 328; People v. Howell, 3 N Y 2d 672.) In my opinion, the question must be answered in the affirmative, and, accordingly, I would affirm the order reinstating the indictment.
The Grand Jury in this case heard the testimony not only of the young boy complainant, but also of two other witnesses. James Buckland, an employee at the Hess gas station which was near the river front where the alleged encounter between the boy and the defendant occurred, testified that the boy ran into the station and asked if he could borrow a dime to call the police, and informed him of the attack. Buckland testified the boy was “ shook up, nervous and stuff ”. Another witness, Harold Dennis, testified that on the same day he observed the defendant and the young boy together in the store where he was employed. Dennis further stated that he overheard part of the defendant’s telephone conversation. For instance, the defendant said he was “ from the Bond Security Company ” and asked the other party if they were ‘1 missing anything over there ’ ’, and that 1 ‘ I have *975 some coins here ’ At the conclusion of the call, the witness said that the defendant and the boy walked out of an entrance way that led into an alley, and the ‘ ‘ boy seemed to be arguing he didn’t do it, and I mean he kept his hand on the shoulder and pushed him out this back entrance.”
In my opinion Dennis’ testimony was sufficient to satisfy the third element of the corroboration requirement—i.e., defendant’s identity as the assailant. While it is true that the complainant’'s prompt disclosure of the sexual attack is not “ ‘ other evidence ’ * * * within the meaning of the statute ” to satisfy the other element that a sexual attack did occur (People v. Page, 162 N. Y. 272, 276; and see People v. Carey, 223 N. Y. 519; People v. Murray, 183 App. Div. 468), it seems to me that the complainant’s outcry to the gas station attendant, together with his distraught appearance and conduct, and apparent reluctance to leave the store with the defendant, sufficiently corroborate the sordid incident. Certainly, such evidence renders less likely the possibility that the complainant was making a false accusation and, thus, comports with the underlying rationale of the corroboration requirement.
Accordingly, I would affirm.
Chief Judge Fuld and Judges Scileppi, Breitel and Gibson concur in Per Curiam opinion; Judge Burke concurs on constraint of People v. Linzy, decided herewith; Judges Bergan and Jasen dissent and vote to affirm in separate opinions.
Order reversed and the order of the County Court reinstated.