Jasen, J.
(dissenting). Once again we have before us the issue of how much corroborative evidence is legally sufficient to support a conviction for rape. In my opinion, neither precedent nor the raison d’etre of the corroboration requirement sanction the result reached by the majority.
Section 130.15 of the Penal Law provides that, except for the offense of sexual abuse in the third degree (§ 130.55), a defendant may not be convicted of any offense defined in article 130 or of an attempt to commit the same, solely on the uncorroborated testimony of the alleged victim. The People must establish, therefore, in every instance, corroboration of the complainant’s testimony that (1) there was sexual penetration[1]; (2) that the penetration was without consent; and (3) that the defendant was the assailant. (People v. Page, 162 N. Y. 272; People v. Perez, 25 A D 2d 859; Matter of Sam “ F ” and Bobby “ S ”, 68 Misc 2d 244; see, also, Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 130.15, p. 279; Communication and Study Relating to Requirement of Corroborative Evidence for Conviction of Certain Crimes, 1962 Report of N. Y. Law Rev. Comm., pp. 639, 653; Legis. Bull. No. 28 [1971], Assoc. of the Bar, City of New York, pp. 1-2.) Since there is ample evidence, both physical and medical, in the case at bar, to establish corroboration that the crime of rape was committed by forcible compulsion, the issue dispositive of this appeal is whether the record contains *105 some independent showing to corroborate the complainant’s identity of the defendant as her assailant.
In determining whether certain evidence satisfies the corroboration requirement in a particular case, it must be noted that the corroborating evidence need not be in and of itself sufficient to support a conviction (see, e.g., People v. Terwilliger, 74 Hun 310, affd. on opn. below 142 N. Y. 629; People v. Imperiale, 14 Misc 2d 887; 1962 Report of N. Y. Law Rev. Comm., supra, at pp. 663-664), nor must it consist of eyewitness testimony (see, e.g., People v. Duegaw, 34 A D 2d 1043; People v. Adams, 72 App. Div. 166; and see Younger, The Requirement of Corroboration in Prosecutions for Sex Offenses in New York, 40 Fordham L. Rev. 263, 268). Rather, inquiry should necessarily be made as to whether such evidence serves the asserted purpose of that requirement, to wit: to eliminate or make negligible the possibility that innocent men will be convicted of rape. (See Comment, Corroborating Charges of Rape, 67 Col. L. Rev. 1137, 1141; compare People v. Yannucci, 283 N. Y. 546; People v. Deitsch, 237 N. Y. 300; People v. Chumley, 24 A D 2d 805 [cases holding particular items of evidence to be sufficient] with People v. Czyz, 262 App. Div. 1027; People v. Speeks, 173 App. Div. 440; People v. Doyle, 158 App. Div. 37 [cases holding particular items of evidence insufficient]; and see, generally, 7 Wigmore, Evidence [3d ed.], §§ 2061, 2062.) Thus, evidence which tends to connect the defendant, and no other, with the rape sufficiently satisfies the requirement of corroboration of identity. (See, e.g., People v. Masse, 5 N Y 2d 217; People v. Deitsch, 237 N. Y. 300, supra; People v. Hutchings, 36 A D 2d 659; People v. Chumley, 24 A D 2d 805, supra.)
In the case before us, the People, on the issue of the defendant’s complicity, rely on the fact that the complainant described with accurate detail the automobile, which was stipulated to as the defendant’s, and that a ring, matching precisely the description of a ring which the complainant said her assailant wore, was taken from the defendant’s hand at the time of his arrest. In my opinion, this evidence, connecting the defendant with the events as testified to by the complainant, is more than “ an ‘ immaterial fact’” and “it is one of the ‘ surrounding circumstances ’ of the case with sufficient corroborative value to meet the mandate of the statute.” (People v. Masse, 5 N Y *106 2d 217, 222; and see People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823.)
The descriptions furnished by the complainant were quite precise and contained vivid details. For instance, defendant’s vehicle was described as a black and white model with high tailfins, a broken antenna, an unusual hood ornament, and a plastic bug hanging from the rear-view mirror; ^nd as to the ring, she accurately described it as bejng goldf containing a flat black stone. Significantly, complainant had never met the defendant prior to the time of the attack, nor did she see him in person from that time to the trial.[2] Never having seen the defendant at any other time, the car and the ring, and their description, would not become known to the complainant in any casual way." Bather, since the complainant could have observed these somewhat unique items only at the time of the commission of the crime, her descriptions place the defendant at the scene of the crime, and the reasonable inference to be taken is that he was sufficiently connected with the crime as testified to by the complainant.
In sum, the objective and independent facts as testified to by the complainant with regard to the car and ring provide the necessary corroboration. Indeed, recognizing the probative value of this evidence goes “far toward rationalizing a rule which, however salutary its original intention, has thus far in its existence been troublesome in application and at times absurd in result ” (Younger, op. cit., supra, 40 Fordham L. Rev., at p. 278) and is consonant with the legislative command that the provisions of the Penal Law ‘ ‘ must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law, § 5.00.) The majority, on the other hand, by its complete disregard of this evidence has, in effect, created a shield for the guilty, an untoward result which is, of course, clearly contrary to the reasons enunciated as the aims .of the corroboration requirement, and has imposed “ an impracticable burden on the prosecutor”. (Model Penal Code [Tent. Draft No. 4, April, 1955], § 207.4, Comment 22, at p. 264.)
*107 To be sure, there is a need for prompt legislative action. The anomalous condition of the law created by New York’s corroboration rule was aptly stated by Judge Bbeitel, concurring in People v. Radunovic (21 N Y 2d 186, 191): “ It is an immature jurisprudence that places reliance on corroboration, •however unreliable the corroboration itself is, and rejects overwhelming reliable proof because it lacks corroboration, however slight and however technical even to the point of token satisfaction of the rule.” To adhere to a rule which creates such a situation is intolerable.
Recent legislation (L. 1972, ch. 373, amd. Penal Law, § 130.15), which no longer makes it incumbent on the People to produce corroborating evidence of the assailant’s identity and of penetration, is commendable. The only reasonable solution, however, to this concededly grave problem in the current administration of criminal law is outright repeal of all corroboration requirements in sex cases. (See Ludwig, the Case for Repeal of the Sex Corroboration Requirement in New York, 36 Brooklyn L. Rev. 378.) Our system of jurisprudence relies on a jury to distinguish truth from falsehood, after hearing evidence and giving due weight to the requirement that one must be considered innocent until proven guilty beyond a reasonable doubt. Since these safeguards suffice for murder, robbery - or burglary cases, there is no cogent reason why they should fail when the crime charged is a sex offense.
Accordingly, I would affirm the judgment of conviction.
Judges Burke, Bergax, Bbeitel and Gibsox concur with Judge Soileppi ; Chief Judge Fuld concurs in the following memorandum: I concur in the court’s opinion insofar as it directs a reversal of the defendant’s conviction but I do not subscribe to the suggestion that the requirement of corrobora* tian in rape prosecutions be eliminated or further relaxed by the Legislature; Judge Jasex dissents and votes to affirm in a separate opinion.
Order reversed and a new trial ordered.

. Except, of course, for attempts, assaults with intent to commit sexual offenses, and impairment of the morals of a minor, which require proof of sexual activity, or intent to commit same, rather than penetration.

. I would only note that the defendant also testified that the complainant was not known to him. Hence, we have a trac stranger situation, as distinguished from acquaintances, friends or lovers.