THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR JOHNSON, Appellant.

First Department, November 19, 1974.

*Richard Ives Rudell* for appellant.

*Lewis R. Friedman* of counsel (*Sharon M. Lynch* with him on the brief; *Richard H. Kuh, District Attorney*), for respondent.

LANE, J.   The complaining witness, while on her way to a party, was walking westbound on 21st Street in Manhattan. She passed the defendant, who was standing on the sidewalk, and then heard footsteps following closely behind her.   She turned and saw the defendant.   He pulled out a knife, placed it at her throat and, while rubbing it along her throat, repeated that he wanted to have sexual intercourse with her.   She pleaded with the defendant not to harm her but did not scream for fear of the knife being held against her throat.   Defendant then dragged her across the street to an abandoned building and forced her to the bottom of a stairwell littered with debris. Defendant, while still holding the knife, told the complainant to take off her clothes during which time the defendant repeatedly verbalized his need for sexual release.   Prior to intercourse, the defendant placed a cigarette lighter to the vagina of the complainant and she, feeling the heat, pushed it away.   He then pulled down his pants and they engaged in sexual intercourse.   The defendant, while on top of her, asked if she had any money.   She said she had $10 in her purse which he said that he wanted.

At that time, two policemen on radio motor patrol arrived on the scene after receiving an emergency radio call that a robbery was in progress at that location. When they approached the stairwell, they saw the complainant and the defendant engaged in sexual intercourse. The officers then ordered both the complainant and the defendant to come up the stairs onto the sidewalk. When complainant was out of reach of the defendant, she told the officers that she had just been raped.

The knife and cigarette lighter were recovered from the person of the defendant. Complainant had a cut over her right cheekbone which was noted by the police officer. Examination of the complainant by a doctor confirmed that sexual intercourse had occurred. The doctor also found a laceration on complainant's chin.

The court, in instructing the jury, did not include a charge pursuant to the law then extant: that the elements of the crime of rape had to be corroborated. No request to charge corroboration was made by counsel nor exception taken. The jury returned a verdict finding the defendant guilty of the crimes of attempt to commit the crime of robbery in the first degree, attempt to commit the crime of grand larceny in the third degree, possession of a weapon, assault in the second degree, rape in the first degree, and sexual abuse in the first degree.

Reversal is urged based on the failure of the court to include instructions that the complainant's testimony as to the crime of rape and charges related to it (such as assault and sexual abuse in the first degree) must be corroborated by independent evidence touching upon every material element of the crime.

It must first be noted, and our dissenting brother concedes, that, as to the crimes of attempted robbery and attempted grand larceny, no corroboration is required and the conviction of those crimes must be affirmed (*People* v. *Moore,* 23 N Y 2d 565; *People* v. *Lennon,* 22 N Y 2d 677).

However, contrary to the assertion made in the dissent, there was ample corroboration of the crime of rape.

There is no question but that the police testimony and the testimony of the doctor corroborate the identity of the perpetrator and the fact that penetration occurred.

The complainant's testimony of the use of force was corroborated by the scratch on her face and the recovery of the knife and the cigarette lighter (cf. *People* v. *Marshall,* 5 A D 2d 352, affd. 6 N Y 2d 823; *People* v. *Masse,* 5 N Y 2d 217). Her immediate disclosure of the rape to the police was an additional factor to be considered by the jury (*People* v. *Page,* 162 N. Y.

272, 275; *People* v. *Czyz,* 262 App. Div. 1027). The lack of resistance by the complainant was amply explained by her fear of physical injury (cf. *People* v. *Yannucci,* 283 N. Y. 546).

Left for resolution, therefore, is only the effect of the failure of the court to instruct the jury on corroboration.

At common law, corroboration of the testimony of the prosecutrix was not required (7 Wigmore, Evidence [3d ed.], § 2061, p. 342), and this rule was a reflection of the thinking that requiring a specified quantity of witnesses would not have much actual influence upon the jurors' minds and that the addition of a statutory rule of requiring corroboration tends to produce reliance on a " rule of thumb " rather than credible evidence (7 Wigmore, Evidence [3d ed.], § 2061, pp. 354–355).

The statutory rule requiring corroboration in select criminal prosecutions is in any event a procedural rule, and not an additional element of the crime. For example, accomplice testimony requires corroboration pursuant to CPL 60.22 and yet has traditionally been considered a procedural device (*People* v. *Mayhew,* 150 N. Y. 346, 353; *People* v. *Blank,* 283 N. Y. 526, 528–529). Proving the crime of perjury requires corroborative evidence pursuant to section 210.50 of the Penal Law, and yet failure of such corroboration is not considered a deletion of an " element " of the substantive crime (*Matter of Ruggiero,* 40 A D 2d 135, 136).

Further proof that corroboration is a procedural device, not changing the elements of the crime, is that conviction may be had on clear evidence, though uncorroborated, if the complaining witness does not testify (*People* v. *Harris,* 282 App. Div. 156, 159, affd. 306 N. Y. 345).

In the case at bar, corroborating evidence was presented. The statute does not specifically require a charge on corroboration (see Penal Law, § 130.15), but merely that corroborative evidence be introduced. Failure to instruct the jury in that regard, when no request was made by counsel and where the evidence of guilt is clear, does not mandate reversal (*People* v. *Biglizen,* 112 App. Div. 225, affd. 185 N. Y. 616 [cited with approval in concurring opinion per BREITEL, J., in *People* v. *Reynolds,* 25 N Y 2d 489, 496]).

It is difficult to reconcile the conclusion of the dissent that the evidence was clear enough to prove guilt beyond a reasonable doubt as to the crime of attempted robbery, which includes among its elements a finding of force or the threatened use of force and yet conclude at the same time that there was insufficient

corroboration of force with regard to the crime of rape committed at the same time.

Accordingly, the judgment of conviction rendered December 5, 1972 should be affirmed.

MURPHY, J. (dissenting in part). Prior to recent applications of the legislative scalpel (L. 1972, ch. 373; L. 1974, ch. 14), it had been the settled law of this jurisdiction that no person could be convicted of forcible rape (and certain other specified sex offenses) solely on the unsupported testimony of the alleged victim. (Penal Law, § 130.15; Penal Law of 1909, § 2013; Penal Code of 1881, § 283.) The statutory law was derived from the common law and had '' its origin in the fact that crimes of this nature are easily charged and very difficult to disprove, in view of the instinctive horror with which mankind regards them.'' (*People* v. *Friedman,* 139 App. Div. 795, 796.) The rationality of the rule was repeatedly questioned and led to the corrective legislation above referred to. However, since defendant was charged with having committed first degree rape, and related offenses, prior to the effective date of the 1972 amendment, he is entitled to the benefit of the law as it then existed. Accordingly, defendant could not be convicted of the sexual offenses charged (rape in the first degree and sexual abuse in the first degree) solely on the uncorroborated testimony of the complainant under statutory law (Penal Law, § 130.15); or of several of the intrinsically related offenses associated therewith (assault in the second degree and possession of a dangerous weapon) because of judicial extension of the corroboration rule to these crimes. (*People* v. *Young,* 22 N Y 2d 785; *People* v. *Radunovic,* 21 N Y 2d 186; *People* v. *English,* 16 N Y 2d 719.)

Yet, this is precisely what happened here because the trial court failed to instruct the jury that corroboration was required to convict the defendant of rape and the other interrelated crimes. On several occasions the jurors returned for additional instructions on the definitions of rape and sexual abuse, but the court merely re-read the provisions of sections 130.35 and 130.65 of the Penal Law and never mentioned the applicability of section 130.15.

The District Attorney (who, along with defense counsel, sat mute and failed to disclose to the court its grievous and prejudicial omission) nevertheless contends on this appeal that an affirmance is justified because: there was sufficient corroborative evidence adduced extending to every material element of the sexual offenses charged; defense counsel's failure to request a charge as to the need for corroboration or to except to its

absence precludes us from reversing on the law; and the record in this case does not warrant the exercise of our discretionary power to reverse in the interest of justice. I disagree.

The defense here rested, essentially, on the absence of forcible compulsion. A superficial scratch on the complainant's chin tended to support her version of what had transpired. However, while the sufficiency of the corroborative evidence is a question of law for the court (see, for example, *People* v. *Radunovic, supra*). its consideration, as bearing on the credibility of the complainant, is for the jury (cf. *People* v. *Scruggs*, 31 A D 2d 842). In the instant case the trial court completely usurped the function of the jurors and removed an element essential to this conviction from their consideration. In such connection, it should be noted that the alleged attack occurred at 2:30 in the morning while the 23-year-old complainant was on her way to a late night party, after first stopping at a local bar to collect a $25 debt from the manager and part owner thereof. She had previously left the basement apartment she shared with her boyfriend without any funds and decided to go to the party alone only after her roommate and the bar manager declined to accompany her. The complainant, of course, irrespective of where she was coming from or where she was going, was entitled to walk the streets without being raped. But defendant was also entitled to have the jury fully advised as to his rights in assessing the truthfulness of her testimony.

Defense counsel's failure to take a proper exception to the charge, whether attributable to trial strategy or gross incompetence, should not obscure the fact that this defendant was permitted to be convicted of rape in the first degree, and thereafter sentenced on such count to prison for a term of not less than 8⅓ nor more than 25 years, solely on the testimony of his alleged victim.

Cases such as *People* v. *Reynolds* (25 N Y 2d 489) and *People* v. *Palmer* (26 A D 2d 892, affd. 31 N Y 2d 1053), relied on by respondent, are distinguishable. In *Reynolds* the court refused to apply the holding in *People* v. *English* (16 N Y 2d 719) retroactively, especially when no appropriate exception or request to charge had been made. In *Palmer,* the court refused, on the facts of that case, to reverse a conviction of assault with intent to commit rape despite the erroneous charge, to which no exception was taken, that corroboration was not necessary to support such conviction. Palmer had also been charged with, but acquitted of, rape under a proper charge.

Both *English* and *Palmer* dealt with convictions of crimes covered only by judicial extension of the corroboration requirement. Neither respondent nor independent research discloses any case in which, as here, a jury was permitted to convict a person of first degree rape and of sexual abuse in the first degree on the testimony of the prosecutrix alone.

In *People* v. *Biglizen* (112 App. Div. 225, affd. 185 N. Y. 616), relied on by the majority, there was concededly no instruction given nor request made concerning the need for corroboration. The complaining witness in that 1906 case was nine years old. Her testimony was corroborated by her parents who observed the evidences of the recent assault and testified to the defendant's admission of guilt. Under such circumstances, the court held (p. 229) that "the defendant was represented by counsel, and no suggestion was made that the jury might disbelieve the corroborating witnesses and at the same time believe the complaining witness, *which is the only thing on which there was necessity for such instructions.*" (Emphasis supplied.) The court in *Biglizen* also held (p. 229) that the then applicable statute (Penal Code, § 283, which read slightly different from Penal Law, § 130.15, i.e., " No conviction can be had for  *  *  *  rape  *  *  *  upon the testimony of the female  *  *  *  defiled, unsupported by other evidence ", as distinguished from " A person shall not be convicted of [rape] solely on the uncorroborated testimony of the alleged victim ") though declaring " a rule of law ", did " not require the court to instruct the jury on this point ". While nevertheless recommending that full instructions should be given, it was there determined that " failure to do so should not be considered reversible error when no request for such instruction is presented and it is not clear that such failure was prejudicial. It is scarcely conceivable that the jury would have convicted the defendant on the little girl's testimony if they disbelieved the corroborating testimony of her parents." (p. 229.)

Aside from Chief Judge Breitel's reference to *Biglizen* in his concurring opinion in *People* v. *Reynolds* (25 N Y 2d 489, *supra*) (which did not involve a rape conviction), I have found no other reported case which has cited, much less followed, *Biglizen*; and its precedential value would appear to be of limited worth. Moreover, the case at bar is distinguishable from *Biglizen* since there was no corroborating witness to the element of force. Admittedly, a witness is not necessary. Circumstantial evidence will suffice. But the ultimate finding of a forcible rape supported by corroborative evidence must be

made by the jury. (*People* v. *Linzy,* 31 N Y 2d·99.) Here, they were not properly advised; and I cannot agree that defendant was not substantially prejudiced thereby.

Since corroboration is not required to support defendant's conviction of attempted robbery and of attempted grand larceny (*People* v. *Moore,* 23 N Y 2d 565; *People* v. *Lennon,* 22 N Y 2d 677), I would only reverse defendant's convictions of rape in the first degree and sexual abuse in the first degree, on the law, and (on constraint of *People* v. *Reynolds, supra,* and *People* v. *Palmer, supra*) reverse defendant's conviction of possession of a weapon and of assault, as a matter of discretion in the interest of justice, and remand for a retrial only on said charges.

MARKEWICH, J. P., LUPIANO and TILZER, JJ., concur with LANE, J.; MURPHY, J., dissents in part in an opinion.

Judgment, Supreme Court, New York County, rendered on December 5, 1972, affirmed.