■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO PASTORE, Appellant.— Judgment, Supreme Court, New York County, rendered September 4, 1974, convicting defendant, after a nonjury trial, of theft of services and sentencing him to pay a fine of $500, reversed, on the law; the indictment is dismissed and the fine is remitted. After trial of a seven count indictment charging defendant with crimes arising out of the sale and use of two airline tickets which had previously been stolen and forged, not guilty verdicts were returned on Counts Nos. 1, 2, 3, 4, 5 and 7. Defendant was found guilty under Count No. 6 charging theft of services. Counts Nos. 6 and 7, as delineated in the indictment, are identical and before deliberating, the trial court, upon its inquiry, was informed by the prosecutor that Count No. 6 relates to one ticket and Count No. 7 relates to the other. It is patent that the two tickets were bought and used together in one transaction. Under these circumstances, acquittal on Count No. 7 and the finding of guilt under Count No. 6 resulted in the archetypal repugnant verdict. A finding of guilt under Count No. 6 conjoined to a finding of innocence under Count No. 7 "is truly repugnant, as opposed to being merely inconsistent" (People v. Bullis, 30 A D 2d 470, 472; see, also, People v. Pierce, 40 A D 2d 581). The trial court, alerted to this defect as a consequence of defendant's post-trial motion to set aside the verdict as repugnant, sua sponte altered its earlier not guilty verdict by dismissing Count No. 7 nunc pro tunc as of the date of defendant's motion to dismiss the indictment at the close of trial. CPL 330.30 states, in pertinent part: "At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof" (emphasis supplied). Altering a verdict of acquittal, whether it be that of a jury or of the court, is a revocation of a finding of innocence and, as such, is not a mere "ministerial act". The acute distinction between acquittal of a charge and dismissal of that charge renders the trial court's attempted remedy of the defect herein constitutionally aberrant. On this record, the People may not contend that Count No. 7 is mere surplusage as they specifically submitted same as a separate and distinct crime. Concur — Nunez, J. P., Kupferman and Lupiano, JJ.; Steuer, J., dissents in the following memorandum: I dissent. The reversal is on purely legal grounds. It holds that the acquittal on the seventh count of the indictment mandates in law acquittal on the sixth count, on which the defendant was found guilty. The sixth count deals with the purchase of a different ticket. There is nothing inconsistent in law with a finding that a defendant made one purchase and did not make another. Here, it is quite obvious that the trier of the facts, in this case the Trial Judge, was

in error as to the seventh count. He knew that the defendant bought both tickets at the same time, and as part of but one transaction. The Trial Judge was moved, as the record plainly shows, by the fact that defendant, a lawyer, would inevitably face disciplinary proceedings, and he wanted to make the record against him as little damaging as possible. He took a singularly inept way of accomplishing this and, in so doing, he consciously decided contrary to the fact. This court finds that he must have found that the defendant did not purchase either ticket knowing of its character as stolen, which is also contrary to the fact. So the two wrongs make a right. This may be a way of inculcating respect for law enforcement, but it is difficult to so regard it.