Jambs H. Boomer, J.
The defendant was charged with the crimes of attempted burglary in the third degree and criminal mischief in the third degree. At the trial it was proved that the defendant had been pounding at a jewelry store window with a ibrick when he was caught by the .police. The glass in the window was shattered but not displaced. It cost over $250 to repair the window.
The jury convicted the defendant of attempted burglary in the third degree, thereby, by implication, finding that the defendant attempted to enter the building .by putting his hand through the window with the intent to steal jewelry from inside the window. At the same time the jury acquitted the defendant of criminal mischief in the third degree and the lesser included crime of criminal mischief in the fourth degree, thereby, by implication, failing to find that the defendant intentionally damaged the store window.
The defendant now moves to set aside the conviction of the crime of attempted burglary in the third degree upon the ground that the verdicts of the jury are inconsistent and repugnant.
There is authority to the effect that ‘ ‘ each count in an indictment is to be regarded as if it were a separate indictment and consistency in a verdict is unnecessary (Dunn v. United States, 284 U. S. 390, 393; People v. Steffens, 12 A D 2d 962; People v. Sciascia, 268 App. Div. 14, 15).” (People v. Bullis, 30 A D 2d 470, 471.)
In People v. Sciascia (268 App. Div. 14, 15, supra, affd. 294 N. Y. 927), the court upheld a conviction of the crime of robbery in the first degree where the jury also found the defendant not guilty of the crime of grand larceny in the first degree. It stated: “Adopting the view that each count in the indictment is to be regarded as if it was a separate indictment, consistency in the verdict is not necessary under Dunn v. United States (284 U. S. 390, 393, per Holmes, J.).”
Only where the crimes in two counts have indentical elements will verdicts of guilty of one and not guilty of the other be deemed repugnant and require that the guilty verdict be set aside and that count dismissed (People v. Bullis, supra p. 472 People v. Tucker, 47 A D 2d 583). The crimes of attempted burglary and criminal mischief do not have identical elements and, therefore, verdicts of guilty of one and not guilty of the other are not repugnant. It Avas held in People v. Richards (44 *664 Hun 278, revd. on other grounds, 108 N. Y. 137) that the crimes of burglary and of injury to property were not. identical so that acquittal of the charge of injury to property did not bar prosecution on the charge of-burglary. :
Even if a verdict may .be set aside for inconsistency, there is no inconsistency between the verdicts rendered here. The jury could have found that.the defendant pounded on the _s to re window in an attempt to enter and steal the jewelry and, therefore, he. was .guilty of attempted burglary. . They also could have found that he did not damage the window and, therefore, he was not guilty of crimnal mischief. In view of the testimony and the pictures showing.that the window was shattered, this may be illogical, but it is not inconsistent. “ Illogical as itinay seem under the proof in á given case, a jury has the power to ignore these incidents or regard them as not proven: ” (People v. Haupt, 247 N. Y. 369, 371.) In the Haupt case (supra), the defendant 'broke into a garage, and the prosecution claimed he intended to steal the automobile which, was inside. The jury acquitted the defendant of biyglary, .but convicted him of attempted larceny of the automobile: Thfe court foqnd np inconsistency since the jury might have found that the defendant did not break into the building or did not do so with intent to commit a crime therein, and although illogical under the proof in the case,/ the jury might also -have found that the defendant entered the building without an evil design and later formed the intent to steal the automobile,pr that he never entered at all, but only tried the garage doors with the intent of entering, and stealing the automobile.
In People v. Hollenbeck (9 A D 2d 983), the defendant was charged with burglary in breaking and "entering a store with intent to steal merchandise therein and for larceny in stealing the merchandise. The jury found him not guilty of burglary, but guilty, of larceny. As illogical as this may seem,.the court held that since two separate crimes were charged, acquittal of one did not bar conviction of the other. (To the same effect, see People v. Steffens, 12 A D 2d 962.)
“ Moreover, that question was not saved for review; and there being no exception to the charge, it thereby became the law of-the case.” (People v. Sciascia, 268 App. Div. 14, 15, affd. 294 N. Y. 927, supra.) In the instant case the court instructed the jury, in effect, that they could find the defendant guilty of one count and not guilty of the other. "Since defense counsel took no exception to the charge,' the question of inconsistency of the verdicts was not saved for this motion.
The motion to set aside the verdict is denied.