Oscar Murov, J.
Following the rendition of a verdict by the jury finding the defendant guilty on 15 of the 23 counts submitted and prior to the imposition of sentence, defendant moves, pursuant to CPL 330.30 (subd 1) for an order setting aside the verdict for the following reasons: (1) that the verdict rendered was inconsistent; (2) that the court’s instructions to the jury were contradictory in nature; (3) that, as a matter of law, the jury was mistaken as to the law or evidence and the verdict was contrary to law and against the weight of evidence; and (4) for other reasons that will serve the interests of justice.
The substance and thrust of defendant’s contentions as they are addressed to each argument in support of this motion and the court’s response thereto follow.
INCONSISTENCY OF THE VERDICT
All but one of the counts submitted for the jury’s consideration charge the defendant with the crime grand larceny in the second degree while the single exception in the indictment accuses him of grand larceny in the third degree. The jury was instructed by the court that in any count charging the second degree offense a verdict convicting the defendant of the third degree offense would be justified by a finding that there was a reasonable doubt that the amounts stolen exceeded $1,500 provided the jury found beyond a reasonable doubt that a sum in excess of $250 was stolen. In like manner the jury was further instructed that it would be justified in finding the defendant guilty of petit larceny as to any count of the indictment if it reasonably doubted that the sum of money stolen as to such count exceeded $250.
The verdict returned by the jury found the defendant guilty of 13 counts of second degree grand larceny and two counts of *122 the third degree offense and acquitted defendant on the eight remaining counts.
It is defendant’s contention that his conviction upon six counts which was based upon the acts and conduct of defendant’s agents towards various individuals was inconsistent with his acquittal on three counts involving the acts and conduct of the very same agents. In like manner, the defendant also contends that a conviction upon the other nine counts was inconsistent with his acquittal upon five counts inasmuch as the defendant himself dealt with all of the individuals alleged to be victims of fraud in the same way. Based upon these inconsistencies, it is claimed now that the verdict of the jury convicting the defendant upon 15 counts while acquitting him on eight counts of crimes containing identical elements is repugnant.
Defendant cites four cases in support of this proposition (People v Blandford, 37 AD2d 1003; People v Andrews, 80 Misc 2d 662; People v Cimino, 163 App Div 217; People v Massett, 7 NYS 839). Blandford involved an altercation between the defendant and a police officer which gave rise to charges of assault, resisting arrest and criminal trespass stemming from the single incident. Andrews, Cimino and Massett likewise treated the question of inconsistent verdicts arising out of a single incident. Only in Massett was the verdict arising out of the single incident set aside as inconsistent. The reason was clear; defendant was the only one of three codefendants convicted of robbery upon evidence that was precisely the same as to all of the codefendants.
The CPL defines "inconsistent counts” as follows:
"Two counts are 'inconsistent’ when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other.” (CPL 300.30, subd 5.)
"Inconsistency is generally understood to mean some logical impossibility or improbability implicit in the jury’s findings as to the various counts of the indictment”. (18 ALR 3d 259, 287.)
Consistency in verdicts is not necessarily required (People v Hallenbeck, 9 AD2d 983; People v Sciascia, 268 App Div 14, affd 294 NY 927; People v Hovnanion, 16 AD2d 818, cert den 373 US 939, rearg den 22 AD2d 686). Even where dispositions are inconsistent, it is a jury’s traditional right to be inconsistent (People v Lay, 39 AD2d 904).
"It is well settled that each count of an indictment is to be *123 treated as if it were a separate indictment and that consistency of verdicts is unnecessary. (Dunn v United States, 284 US 390, 393; People v Pierce, 40 AD2d 581; People v Delorio, 33 AD2d 350, 353). On the other hand, if 'the indictment charges two crimes, each of which has identical elements, a finding of guilt on one but not the other is truly repugnant, as opposed to being merely inconsistent’, and the conviction must be overturned (People v Bullís, 30 AD2d 470, 472; see, also, People v Pastore, 46 AD2d 870; People v Pierce, supra).” People v Gross, 51 AD2d 191, 197-198; see, also, People v Paczovski, 81 Misc 2d 381).
While it must be conceded that both Blandford and Andrews support the proposition that a verdict is repugnant when the crimes charged have identical elements and the verdict convicts for one and acquits on the other, the principle enunciated in those decisions must be restricted in its application to the facts in those and like cases. Both cases dealt with a single defendant acting in a single episode.
Here the counts relate to different times, dates, places, property and victims. In such a case the presumed inconsistency arising from contrary verdicts upon counts accidentally containing identical elements is readily reconcilable on a rational basis. The same article of the Penal Law was violated on different occasions (see 18 ALR3d 290, 291).
"Where the several offenses charged in a multicount indictment or information involve factual variations, such as different times, dates, places, property, or victims, the finding on one count will not ordinarily be held inconsistent with that on another.” (18 ALR3d 290.)
If there is any rational theory to support the difference in the verdicts, the verdicts although seemingly inconsistent on the surface will be upheld (People v Pugh, 36 AD2d 845, 846, affd 29 NY2d 909, cert den 406 US 921; People v Torres, 5 AD2d 134, 136, affd 5 NY2d 804, cert den 359 US 993; People v Tucker, 47 AD2d 583; People v Pierce, 40 AD2d 581.)
In People v Kass (74 Misc 2d 682, 683) where a physician was convicted of 23 out of 29 counts of an indictment charging violations of article 33 of the Public Health Law, the court said: "Although a repugnant verdict, as opposed to one which is merely inconsistent, cannot stand, repugnancy is not herein involved since the various counts do not have identical elements. Involved are different drugs, different dates and different individuals to whom the drugs were prescribed * * * *124 Defendant, therefore, cannot avail himself of the theory of repugnancy to disturb the jury’s verdict.”
CONTRADICTORY INSTRUCTIONS
The following constitutes a portion of the court’s charge excepted to by the defendant: "To find that one is an accomplice, you must come to the conclusion that the evidence establishes that he criminally participated with the defendant in the commission of the crime charged. This participation must appear to have been in all the elements of the crime, as I have charged you. It makes no difference that the would-be accomplice has not been accused of, or tried for, the offense in question. But it does make a difference, and is most important that, to consider him an accomplice, you must believe, from the evidence, that his conduct has met every element and essential of the crime charged against the accused person you are trying.”
Defendant thereupon requested that the court read the meaning of accomplice as it is set forth in CPL 60.22 (subd 2). The court freely complied with this request.
At a later readback to the jury the court once again gave its original instructions respecting accomplices and repeated the CPL definition requested by counsel. Counsel contends it was error for the court to have left it to the jury to "resolve the contradiction” between the court’s initial statement and the statutory definition.
It was the court’s opinion that a reasonable view of the evidence would support a finding that the defendant was potentially criminally liable as a principal for the acts of persons acting in defendant’s behalf. Instructions upon this subject were delivered to the jury.
Counsel proceeds from his earlier premise and now challenges those instructions. It is contended that the court erred in failing to state that the jury could not find defendant liable as a principal without first finding the agent " 'guilty’ with all of the requisite elements of Penal Law § 155.05(2)(d)”. This proposition is clearly at odds with principles discussed in Corpus Juris Secundum (vol 22, § 84, subd b, p 249) relative to the liability of one who causes the commission of a crime through the instrumentality of an innocent agent.
The thrust of the combined objections is that the testimony of the witness agents was required to be, but was not, corrobo *125 rated. The court would agree to the extent that corroboration would be required in the case of a guilty agent possessing the necessary mens rea (Penal Law, § 20.00) as opposed to one lacking the requisite criminal intent (CPL § 60.22, subd 3; 4 Zett, New York Criminal Practice, par 27.5, subd [4], p 27-56). "The subdivision provides that such a witness [one who cannot be prosecuted] is still an accomplice and covered by the provisions of this section, unless his mental state at the time of the act precluded his liability for the offense.” (4 Zett, New York Criminal Practice, par 27.5, p 27-57.)
Moreover, it has only recently been held that a conviction for a crime requiring corroboration would be upheld even where the court fails to instruct the jury respecting the requirements of the law in that regard. (People v Johnson, 46 AD2d 55.) "The statutory rule requiring corroboration in select criminal prosecutions is in any event a procedural rule, and not an additional element of the crime. For example, accomplice testimony requires corroboration pursuant to CPL § 60.22 and yet has traditionally been considered a procedural device (People v Mayhew, 150 NY 346, 353; People v Blank, 283 NY 526, 528-529).” (People v Johnson, supra, p 58.)
Notwithstanding the foregoing, the court would point out that not only was the jury instructed concerning the requirement for corroboration, but in each case where it is claimed corroboration was required, it was present in the testimony of the victim.
JURY MISTAKE AS TO THE LAW OR EVIDENCE
The moving papers suggest that the jury could only have arrived at its guilty verdicts after basing an inference upon an inference. The basis inference was purportedly a misrepresentation as to defendant’s holdings and the dependent inference, it is suggested, was that defendant did not invest the money he obtained from his clients as he represented he would.
Assuming arguendo the two inferences were drawn by the jury, it does not follow necessarily that one was based upon the other rather than having been drawn from an entirely independent set of facts. As Mr. Justice Holmes said in Dunn v United States (284 US 390, 394): "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.”
*126 The court has examined the remaining contentions in the moving papers and, based upon the record of attendant events related thereto, finds them to be wholly lacking in merit. Since no issues of fact were raised by the moving and opposing papers this motion is decided on the law and denied in its entirety. The sentencing of this defendant shall be set to take place before this court on April 19, 1976.
In determining the within application, the court has examined and considered moving and opposing papers including defendant’s notice of motion, supporting affirmation of counsel, in addition to the People’s opposing affirmation. Therefore, pursuant to CPLR 2219 (subd [a]) the court directs that the memorandum decision herein shall constitute the order of the court.